UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

COLONIAL LIFE & ACCIDENT INSURANCE COMPANY,

Plaintiff(s),

v.

LUCCIE KONADU, et al.,

Defendant(s).

Case No.2:25-CV-1082  JCM (DJA)

ORDER

Presently before the court is plaintiff Colonial Life & Accident Insurance Company's motion for default judgment against interpleader defendant Liani Holloway.  (ECF No. 11). Defendant did not respond.

**I.      Background**

Plaintiff is a life insurance company incorporated in South Carolina.  (ECF No. 1 at 1). Plaintiff brought this action for interpleader relief to require defendants Lucie Kondau, Liani Holloway, and Monica Mensah Konadu to interplead, or settle amongst themselves, competing claims made for the remainder of the death benefits of a term life insurance policy issued by plaintiff to the now deceased Kingsford Darkwah Konadu. (*Id.*).

To date, plaintiff has paid out about half of the $100,000 policy—$50,140.75—to Holloway. (*Id.* at 3).  The remainder of the funds remain contested.  (*See id.*).  Plaintiff remains ready and able to disburse the remainder of the funds, and simply need to know how much and to whom it belongs.

Plaintiff inquired about the possibility of a resolution between defendants outside of litigation to no avail. (*Id.* at 4).  Upon filing of this interpleader action, none of the defendants—

including Holloway, the subject of this motion—have made an appearance or filed any documents in this court.  Plaintiff now moves for default judgment.

**II.      Legal Standard**

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  "First, a party must obtain a clerk's entry of default under Rule 55(a)," and second, "the party may seek entry of default judgment under Rule 55(b)."  *Doe v. Jeffries*, No. 18CV2021-MMA (JMA), 2018 WL 6582832, at *1 (S.D. Cal. Oct. 17, 2018) (citing *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).  The court considers seven factors in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

**III.     Discussion**

The court finds that, for the foregoing reasons, default judgment is proper as to Holloway.

A.  Procedural requirements

The required procedures described in Federal Rule of Civil Procedure 55 have been satisfied.  The clerk entered default on November 20, 2025.  (ECF No. 10).

B.  Factors for default judgment against defendants

   *1.  Possibility of prejudice*

The first *Eitel* factor requires the court to consider the possibility that plaintiff will suffer prejudice if default judgment is denied.  *Eitel*, 782 F.2d at 1471.  Here, defendant has not filed a responsive pleading, despite being properly served.  Defendant Holloway and the other interpleader defendants have shown that they are incapable of coming to a resolution without court intervention.  If the court does not grant default judgment here, plaintiff will continue to have no clarity on how to handle the funds as they relate to Holloway.  Thus, this factor weighs in favor of

default judgment.

### 2. *Merits of claim and sufficiency of complaint*

The second and third *Eitel* factors analyze the substantive merits of plaintiff's claim and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. To warrant default judgment, the allegations in the complaint must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). "The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted).

Plaintiff properly invoked interpleader jurisdiction since there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500. 28 U.S.C. § 1335. Accordingly, plaintiff's complaint sufficiently states a claim upon which interpleader relief can be granted. This factor weighs in favor of default judgment.

### 3. *Money at stake*

The third *Eitel* factor requires the court to consider the amount of money at stake in relation to the seriousness of defendants' conduct. *See Eitel*, 782 F.2d at 1471. "[D]efault judgment is disfavored when a large amount of money is involved or is unreasonable in light of the [d]efendant's actions." *Warrington v. Taylor*, 2022 WL 2062921, at *3 (C.D. Cal. Mar. 9, 2022) (quoting *Valentin v. Grant Mercantile Agency, Inc.*, 2017 WL 6604410, at *7 (E.D. Cal. Dec. 27, 2017)).

Plaintiff does not request any monetary relief here. Instead, plaintiff requests that the court declare that Holloway has forfeited all rights to the death benefit of the policy, discharge plaintiff from liability regarding the policy and/or death benefits, and enjoin Holloway and anyone acting on her behalf from instituting or prosecuting plaintiff regarding the policy. (*See* ECF No. 11 at 7). In fact, plaintiff has already paid Holloway $50,140.75 in death benefits as the named beneficiary. (ECF No. 1 at 3).

This factor weighs in favor of default judgment.

. . .

- 3 -

### 4.   Whether default was due to excusable neglect

The fourth *Eitel* factor requires the court to consider whether the default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. Here, defendant was personally served with the summons and complaint and chose to remain absent from the proceedings. (ECF No. 8). This factor weighs in favor of default judgment.

### 5.   Possibility of dispute concerning material facts

The fifth *Eitel* factor requires the court to consider whether there is a dispute over material facts. *See Eitel*, 782 F.2d at 1471–72. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc.*, 826 F.2d at 917–18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Since Holloway has not filed any motions or responsive pleadings in this case, she has not contradicted any of the allegations, and there cannot be a possibility of dispute. This factor weighs in favor of default judgment.

### 6.   Public policy favoring a decision on the merits

The final *Eitel* factor is whether there is a strong policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1472. Although this factor inherently favors decisions on the merits, "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. In fact, when a defendant fails to respond to the plaintiff's complaint, ignores requests to participate in litigation, and fails to demonstrate an intent to defend the action, this factor shifts in favor of default judgment. *See Sideshow, Inc. v. Damon*, 2020 WL 8093348, at *4 (C.D. Cal. Nov. 16, 2020).

Here, Holloway has failed to appear or otherwise respond to plaintiff's complaint. Holloway has not demonstrated an intent to defend herself in this action. This factor weighs in favor of default judgment.

## IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for default judgment (ECF No. 11) be, and the same hereby is, GRANTED.

. . .

- 4 -

IT IS FURTHER ORDERED that:

1) Liani Holloway has forfeited any and all rights to the death benefit of the policy;

2) Colonial is discharged from any and all liability to Liani Holloway with respect to, affecting, or in any way arising out of the Policy and/or death benefits; and

3) Liani Holloway and anyone acting for or on her behalf are enjoined from instituting or prosecuting any other proceeding, arbitration, and/or lawsuit against Colonial or any of Colonial's parent companies, related companies, affiliates, agents, administrators, predecessors, successors, or assigns with respect to the policy, the death benefits of the policy, and/or any and all claims that were or could have been raised in this lawsuit against Colonial.

DATED February 13, 2026.

_____
UNITED STATES DISTRICT JUDGE

- 5 -